[No. 20633. Department One. September 1, 1927.]

SAMUEL PORTER, *Appellant,* v. JOHN F. MAY *et al., Respondents.*[1]

[1] COUNTIES (35)—COUNTY COMMISSIONERS—LIABILITY ON OFFICIAL BOND—CONSTRUCTION OF STATUTE. County commissioners are not personally liable for exceeding the budget through the payment of a judgment against the county, entered in a court of competent jurisdiction upon a compromise stipulation, under Rem. 1927 Sup., § 3997-5, providing that county officials incurring expenditures or issuing warrants in excess of the budget shall be personally liable on their bonds for the amount, except the same be "upon an order of a court of competent jurisdiction," and that they shall be liable for fourfold the amount for approving such a claim or issuing a warrant, "except as above provided."

Appeal from a judgment of the superior court for Ferry county, Jeffers, J., entered October 6, 1926, dismissing an action to enforce personal liability of county commissioners, upon sustaining a demurrer to the complaint. Affirmed.

*Samuel Porter,* for appellant.

*Frank M. Allyn* and *E. Eugene Davis,* for respondents.

MAIN, J.—This action was brought by a taxpayer for and on behalf of Ferry county. To the amended complaint, which will be referred to as the complaint, a de-

[1]Reported in 259 Pac. 34.

murrer was interposed and sustained. The plaintiff elected to stand upon the complaint and refused to plead further. From the judgment entered dismissing the action, he appeals.

The facts, as stated in the complaint, may be summarized as follows: In the year 1923, the board of county commissioners for Ferry county prepared a budget for the succeeding year, in accordance with chapter 164, Laws of 1923, p. 523 (Rem. 1927 Sup., § 3997-1 *et seq.*), and the tax was thereafter levied accordingly. One item of the budget was for road and bridge work in district number 2 of the county.

During the year 1924, the then board of commissioners incurred liability in district number 2 for road work in the sum of $1,212.04 in excess of the budget allowance for that district. The parties who performed labor and furnished material presented claims to the county, which were not paid because the funds of the district had been exhausted. Thereafter, the parties holding claims assigned them to one G. H. Ensminger, who brought an action against the county. The commissioners, by written stipulation, compromised the action and a judgment was entered against the county in the sum of $1,199.92. From this judgment no appeal was prosecuted.

[1] By the present action, the appellant seeks to hold liable individually the members of the board of county commissioners, and the surety upon the official bond of each, for four times the amount of the judgment rendered in the Ensminger case. This calls for a construction of one paragraph in § 5 of the budget Law of 1923, p. 527. This paragraph reads as follows:

"Expenditures made, liabilities incurred or warrants issued in excess of any of the detailed budget appropriations or as revised by transfer as herein provided shall not be a liability of the county but the

official making or incurring such expenditure or issuing such warrant shall be liable therefor personally and upon his official bond. The county auditor shall issue no warrant and the county commissioners shall approve no claim for any expenditure in excess of said detailed budget appropriation or as revised under the provisions hereof, except upon an order of a court of competent jurisdiction, or for emergencies as hereinafter provided. Any county commissioner, or commissioners, or county auditor approving any claim or issuing any warrant in excess of any such budget appropriation except as above provided shall forfeit to the county fourfold the amount of such claim or warrant which shall be recovered by action against such county commissioner or commissioners or auditor, or all of them, and their several sureties on their official bonds." [See Rem. 1927 Sup., § 3997-5.]

It will be observed that, by the first sentence of this paragraph, officers incurring liabilities in excess of the budget appropriations shall be personally liable therefor and that such liabilities shall not be an obligation of the county. The second sentence, while not so in form, is, in substance, a proviso limiting the preceding sentence. In the second sentence, the county commissioners are authorized to approve claims for expenditures in excess of the budget appropriations, when "an order of a court of competent jurisdiction" has been obtained. The third sentence provides that the commissioners approving a claim in excess of the budget appropriation, "except as above provided," shall forfeit to the county fourfold the amount of such claim. "Except as above provided" relates to "an order of a court of competent jurisdiction," as it appears in the preceding sentence.

In this case, it is attempted to hold the board of county commissioners personally liable, after they have paid claims which were directed to be paid by the judgment in the Ensminger case. In such a case, there

is no personal liability. In the Ensminger case, the court had jurisdiction of the subject-matter and of the parties.

The judgment will be affirmed.

MACKINTOSH, C. J., MITCHELL, FULLERTON, and FRENCH, JJ., concur.